IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:15-MJ-01717-RJ-1

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | |
| ) | ORDER ON PROBABLE CAUSE |
| ) | AND DETENTION |
| LEETRELL MAURICE BASS, ) | |
| ) | |
| Defendant. ) | |

This matter came before the court on July 9, 2015, pursuant to Fed. R. Crim. P. 5.1 to determine whether there is probable cause to support the charges contained in the criminal complaint against Defendant Leetrell Maurice Bass ("Defendant") and for a hearing on the Government's motion, pursuant to 18 U.S.C. § 3142(f), to detain Defendant until further proceedings. During the hearing, at which Defendant was represented by counsel, the court made oral findings of probable cause to support the criminal complaint. In addition, having considered the record pursuant to 18 U.S.C. § 3142(d) and based on the findings and reasons stated below and in open court, the court finds there are no conditions that reasonably assure the court of Defendant's appearance or the safety of the community as required. The government's motion is therefore allowed.

## BACKGROUND

The Government presented the testimony of John S. Corpening, an agent with the United States Bureau of Alcohol, Tobacco, Firearms, and Explosives ("ATF"). Defendant was represented by counsel but not did not present any testimony as to probable cause. Defendant presented the testimony of Krystal Bass as a proposed third party custodian. Defendant is charged with possession of firearm by a convicted felon, in violation of 18 U.S.C. § 922(g)(1).

Agent Corpening testified that in April 2015, he began a joint investigation with the Goldsboro Police Department ("GPD") after receiving information from a GPD confidential informant ("CI"). The CI provided information that Defendant was selling firearms and cocaine from Bass Tires located in Goldsboro. The CI stated that Defendant offered to sell the CI two rifles for $700 and 1/4 ounce of crack cocaine for $400. Additionally, Defendant had shown the CI an AK-47 rifle. When the CI inquired about purchasing the rifle, Defendant stated the rifle was not for sale, as it was his personal firearm.

On April 10, 2015, as part of an undercover operation, Agent Corpening met the CI, provided the CI with ATF funds, and directed the CI to purchase the two rifles and 1/4 ounce of crack cocaine from Defendant. The CI arrived at Bass Tires to purchase the rifles and crack cocaine, but the firearms were not present at Bass Tires. The CI waited approximately thirty to forty minutes for the firearms. A third party arrived at Bass Tires, and Defendant exited Bass Tires to retrieve a firearm from the third party. Defendant retrieved a firearm, a 100 round drum magazine, and a paper bag containing ammunition from the third party in the parking lot of Bass Tires. Defendant then passed the firearm, drum magazine, and bag of ammunition to the CI through an industrial fan installed in the wall. The firearm delivered to the CI was a Norinco, model MAK-90, 7.62 x 39 mm semi-automatic rifle. The CI asked Defendant about the two firearms previously mentioned, and Defendant stated that the two other firearms were already sold. Defendant wiped the firearm off to remove any fingerprints. The CI paid Defendant $1,200 for the firearm. The CI inquired about the crack cocaine mentioned beforehand, but Defendant said he would not have the crack cocaine until around 6 p.m. that evening. This transaction was recorded with audio and video equipment.

Following the transaction between the CI and Defendant, the CI met Agent Corpening and

2

turned over the firearm, drum magazine, and ammunition to Agent Corpening. Subsequently, Agent Corpening examined the firearm and determined the firearm had been manufactured in China and had been shipped or transported in interstate or foreign commerce. Additionally, Agent Corpening researched Defendant's criminal record and found Defendant had been convicted of felony possession of cocaine, a Class I felony, in 1994. That offense is a crime punishable by imprisonment for a term exceeding one year.

Sometime between May 8, 2015 and May 12, 2015, the CI went to Bass Tires to discuss a previous drug transaction with Defendant's son. During this discussion, Defendant told the CI that he thought the Federal Bureau of Investigations ("FBI") was watching him. Defendant instructed the CI to deal with Defendant directly for any future sale of firearms and/or crack cocaine.

On May 13, 2015, Agent Corpening directed the CI to go to Bass Tires. At Bass Tires, Defendant told the CI that Defendant's drug supplier was being watched by police. The CI left Bass Tires without purchasing any firearms or crack cocaine.

On July 2, 2015, Defendant was arrested at Bass Tires. Although Agent Corpening was not present at Defendant's arrest, he was informed of the arrest and Defendant's post-arrest behavior by Agent Matt Harris. Upon arrest, Defendant was uncooperative, cursed at agents, refused to answer background information on his booking forms, and kicked and broke a metal chair in the interrogation room. Additionally, Defendant told Agent Harris that Defendant was going to "come after" Agent Harris. When Agent Harris asked Defendant if Defendant was threatening a law enforcement officer, Defendant stated he was not. Defendant then told Agent Harris that Agent Harris would regret arresting Defendant.

Through the testimony of Agent Corpening, the Government has presented credible evidence

3

sufficient to demonstrate that it is more likely than not that the charged offense has been committed by Defendant. Accordingly, based on this evidence, and for the other reasons stated in open court, there is probable cause to believe Defendant committed the offense charged in the criminal complaint.

## DISCUSSION

The court conducted a detention hearing in accordance with the Bail Reform Act, 18 U.S.C. § 3142. The court has considered the testimony presented by Agent Corpening, Defendant's proposed third party custodian, Krystal Bass, as well as the report and recommendation of the pre-trial services office, which was provided to the parties in advance of the hearing.

The law requires that Defendant be detained pending further proceedings based on the following principal findings and reasons: (1) the nature of the charges; (2) the strength of the government's case, (3) Defendant's apparent illegal drug use; (4) Defendant's criminal history (including failing to appear at prior state court proceedings, committing offenses while on probation and probation revocation); and (5) other findings and reasons stated in open court. The court has considered the testimony of a proposed third party custodian, Krystal Bass, and although the court finds her to be a credible witness, the court finds that the reasons supporting detention outweigh her testimony.

## CONCLUSION

Accordingly, Defendant is committed to the custody of the Attorney General or a designated representative for confinement in a correction facility separate, to the extent practicable, from persons awaiting or serving sentences or held in custody pending appeal. Defendant must be afforded a reasonable opportunity to consult privately with defense counsel. On order of the United

4

States Court or on request of an attorney for the Government, the person in charge of the corrections facility must deliver Defendant to the United States Marshal for a court appearance.

So ordered, the 10th day of July 2015.

_____
Robert B. Jones Jr.
United States Magistrate Judge

5